UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIZABETH MCDANIEL GOLDWIRE,

    Plaintiff,

v.                                          Case No: 6:16-cv-1576-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Elizabeth McDaniel Goldwire appeals to this Court from Defendant, the Commissioner of Social Security's final decision to deny her application for supplemental security income. I have reviewed the record, including the administrative law judge's ("ALJ") decision, the exhibits, and the joint memorandum submitted by the parties. For the following reasons, I respectfully recommend that Defendant's final decision be **affirmed**.

### Background[1]

When the ALJ made her decision, Plaintiff was forty-three years old and had completed one year of college (Tr. 314). She has past experience as a cashier, secretary, and ticket agent (Tr. 314-315). On August 20, 2014, Plaintiff applied for supplemental security income benefits, alleging disability due to schizophrenia, back problems, borderline personality disorder, bipolar disorder, asthma, and inflammatory arthritis (Tr. 313). In her application, Plaintiff alleged an onset date of August 20, 2014 (Tr. 114, 299). Her claims were denied initially and on reconsideration (Tr. 139, 143). At Plaintiff's request, the ALJ held hearings on July 8, 2015 and February 16, 2016 (Tr. 64-99). The

---

[1] The information in this section comes from the parties' joint memorandum filed on July 7, 2017 (Doc. 19).

ALJ issued an unfavorable decision on March 14, 2016 (Tr. 26-36). Plaintiff asked the Appeals Council to review the ALJ's decision and on July 14, 2016, the Appeals Council denied her request for review (Tr. 1-4). Consequently, the ALJ's decision is the Defendant's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted her administrative remedies and her case is ripe for review.

### The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow Defendant's five-step sequential evaluation process which appears in 20 C.F.R. § 416.920(a)(4). The ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to Defendant. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 28). At step two, the ALJ found Plaintiff was severely impaired by morbid obesity, bilateral chondromalacia, a history of cervical pain with a history of tension headaches, a history of thoracic pain with a history of T8 radiculopathy, and lower back pain with bilateral radiculopathy (Tr. 28-31). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 CFR §§ 416.920(d), 416.925 and 416.926) (Tr. 31). Before

proceeding to step four, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to,

> [L]ift and/or carry 50 pounds occasionally and 20 pounds frequently; stand for a total of two to three hours in an eight hour workday and for 10 to 15 minutes at a time; walk for a total of two to three hours in an eight hour workday and for 10 to 15 minutes at a time; sit for a total of four to five hours in an eight hour workday and for 20 to 30 minutes at a time; occasionally use the hands bilaterally for reaching overhead and pushing/pulling; frequently use the hands bilaterally for reaching in all other directions; continuously use the hands bilaterally for handling, fingering, and feeling; occasionally use the feet bilaterally for operation of foot controls; continuously balance; occasionally snoop, kneel, crouch, and crawl; never climb stairs, ramps, ladders, or scaffolds; occasionally tolerate exposure to moving mechanical parts, operating a motor vehicle, humidity and wetness, dust, odors, fumes, and pulmonary irritants, extreme cold, extreme heat, and vibrations; and never tolerate exposure to unprotected heights.

(Tr. 31-35). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a ticket seller/cashier and that she was therefore, not disabled (Tr. 35).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When Defendant's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and

even if the reviewer finds that the preponderance of the evidence is against Defendant's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Defendant.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

A. The ALJ's Conclusion that Plaintiff Has Past Relevant Work as a Ticket Seller/Cashier is Based on Substantial Evidence

Plaintiff worked as a ticket agent for a performing arts center in 1999 and 2000 (Doc. 19 at 14). The vocational expert ("VE"), classified this work as a "ticket seller" pursuant to the Dictionary of Occupational Titles ("DOT") (Id.). The ALJ found that this was past relevant work Plaintiff could perform and consequently, that she was not disabled. Plaintiff argues that the ALJ erred because she stopped working as a ticket seller more than 15 years before the Commissioner made her decision and therefore, the time she spent as a ticket seller was not past relevant work (Id., at 12-16).

If a claimant retains the ability to perform "past relevant work" then she is not considered disabled. 20 C.F.R. § 416.965(a). "'Past relevant work is work [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1). Defendant does not "usually consider work [a claimant] did 15 years or more before the time" of the disability determination "(or when the disability insured status requirement was last met), if earlier applies." Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991) (citing 20 C.F.R. §

404.1565(a)). This is because "[a] gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15–year guide is intended to insure that remote work experience is not currently applied." Id. The claimant has the initial burden to show "that certain work experience is not past relevant work." Id. at 1359. Plaintiff argues that she last worked as a ticket seller more than 15 years before the ALJ's decision and therefore, it does not meet the definition of past relevant work, and should not have been relied upon by the ALJ (Doc. 19 at 12-14).

The Eleventh Circuit has held that the 15 year "limitation merely creates a 'presumption of inapplicability' of skills and abilities acquired in work performed outside the fifteen year period." Barnes, 932 F.2d at 1358.[2] This makes the 15 year limitation "a guideline, not an inflexible requirement" in this circuit. Bittner v. Colvin, No. 8:12-cv-584-T-MAP, 2013 WL 12156515, at *2 (M.D. Fla. Aug. 8, 2013) ("[T]he fifteen year limitation described by the regulations does not create a prohibition against considering work outside that period."). "The ALJ may always 'consult a vocational expert in determining whether the claimant still possesses the ability to perform her past relevant work'" Id. (quoting Feaster v. Astrue, No. 2:10-cv-514-WC, 2011 WL 2036628, at *6 (M.D. Ala. May 24, 2011)).

Plaintiff was not asked about the requirements of her job as a ticket seller or how she actually performed the work (Tr. 64-99). Similarly, the VE was not questioned about the job requirements to be a ticket seller or if those requirements have changed over time (Id.). Importantly, the VE testified that a person with Plaintiff's RFC could perform the job

---

[2] But see, Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983), where the court said it was harmless error for the ALJ to consider "Diorio's job as an assembler in contravention of the regulations that prohibit consideration of any job held more than 15 years ago. 20 C.F.R. § 404.1565(a) (1983)."

of ticket seller and that his opinion was consistent with the DOT and the regulations (Tr. 77-78). On this record, and considering that ticket seller is a relatively unskilled job, I respectfully recommend the Court find the ALJ did not err in considering Plaintiff's work as a ticket seller to be past relevant work. See Bittner, 2013 WL 12156515, at *2.

Next, Plaintiff argues that she is unable to perform the ticket seller job because it requires at least 6 hours of standing and the ALJ limited her to "only 2-3 hours of standing or walking in an 8-hour workday" and sitting for 20-30 minutes at a time (Doc. 19 at 15). Plaintiff's statement about the limitation in her RFC is incorrect. The ALJ limited Plaintiff to "two to three hours" of standing and "two to three hours" of walking in an 8-hour day (Tr. 31). A full range of light work requires that a claimant be able to stand or walk "off and on" for at least 6 hours in an 8-hour workday. SSR 83-10, 1983 WL 31251, at *10 (1983); Freeman v. Comm'r Soc. Sec., 593 F. App'x 911, 915 (11th Cir. 2014); Popock v. Astrue, 374 F. App'x 903, 905 (11th Cir. 2010). The ALJ limited Plaintiff to 2-3 hours of walking and 2-3 hours standing in an entire day. This combination allows Plaintiff to perform these functions for a total of 4-6 hours. This is consistent with the "light work" requirement and I respectfully recommend the Court overrule Plaintiff's objection on this ground.

B. The RFC Is Based on Substantial Evidence

A claimant's RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also 20 CFR § 416.945. In other words, the RFC is "the most a claimant can still do despite [his] limitations." Lacina v. Comm'r Soc. Sec., 606 F. App'x 520, 526 (11th Cir. 2015) (quoting 20 C.F.R. § 416.945(a)(1)); Sanchez v. Comm'r Soc. Sec., 507 F. App'x 855, 858 (11th Cir. 2013); McCrea v. Astrue, 407 F. App'x 394, 396 n.2 (11th Cir. 2011); Davis v. Comm'r of Soc. Sec., No. 6:12-cv-1694-Orl-36TBS, 2013 WL 6182235, at *5 (M.D. Fla. Nov. 25, 2013). The determination "is within

the authority of the ALJ and the assessment should be based upon all of the relevant evidence of a claimant's remaining ability to do work despite her impairments." Beech v. Apfel, 100 F. Supp. 2d 1323, 1331 (S.D. Ala. 2000) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).

Plaintiff argues that the ALJ's decision is "vague, internally inconsistent, and does not state the most the Plaintiff can do in an eight-hour workday." (Doc. 19 at 21-23). Plaintiff also argues that the limitations assigned to her by the ALJ contradict each other (Id. at 22). As example, Plaintiff explains,

> An individual who alternates 30 minutes of sitting with 15 minutes of standing or walking would sit for a combined total of 5.33 hours in an 8-hour workday and would stand or walk for a combined total of 5.33 hours in an 8-hour workday and would stand or walk for a combined total of 2.67 hours in an [8-]hour workday. This sit/stand option exceeds the sitting requirement of the RFC assessment, which is no more than 5 hours.... an individual in the ALJ's hypothetical question who alternates 30 minutes of sitting with 10 minutes of standing would sit for a total of 6 hours and stand for 2 hours in an 8-hour workday. Once again, this would be in excess of the 5 hour sitting limitations in the ALJ's hypothetical question...an individual in the ALJ's hypothetical question who alternates 20 minutes of sitting with 15 minutes of standing would sit for a total of 4.57 hours and stand for 3.43 hours in an 8-hour workday. This would be in excess of the 3 hour standing limitation in the ALJ's hypothetical question …

(Doc. 19 at 22) (internal quotations omitted).

The VE testified that with the limitations imposed by Plaintiff's RFC, a hypothetical person could perform the job of ticket seller. Plaintiff has not explained how or why her calculations trump the VE's testimony.

The ALJ concluded that Plaintiff could stand for 2-3 hours, walk for 2-3 hours, and sit for 4-5 hours during an 8 hour workday. Thus, the ALJ found that Plaintiff can be on her feet or sitting a combined 11 hours during an 8 hour day.

Still, assuming *arguendo* that there are inconsistencies, Plaintiff has failed to show how these mathematical discrepancies rise to the level of prejudice. It is Plaintiff's burden to show that but for the error, the ALJ would have rendered a favorable disability decision. The Eleventh Circuit has determined that even though the ALJ's duty exists, "a showing of prejudice must be made before [the court] will find that a hearing violated claimant's rights of due process and requires a remand to the Secretary for reconsideration." Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). Plaintiff has not explained what, if any, prejudice she sustained because of the alleged mathematical discrepancy. Therefore, I respectfully recommend the Court overrule Plaintiff's objection.

### C. The ALJ's Assessment of Dr. Brodsky's Opinion was Based on Substantial Evidence

Plaintiff argues that the ALJ erred by giving more weight to the opinion of non-examining physician, Dr. Edward Jasinksi than she gave to that of Dr. Lewis Brodsky, who examined Plaintiff once (Doc. 19 at 24-26). "Generally, the opinions of examining physicians are given more weight than non-examining, treating more than non-treating, and specialists on issues within their areas of expertise more weight than non-specialists." Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) (internal citations omitted); see also McCloud v. Barnhart, 166 F. App'x 410, 418-19 (11th Cir. 2006) (The court found that the ALJ failed to explain the weight he gave a consulting physician's report and stated that while the ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion," the ALJ is, however, "required to state with particularity the weight he gives to different medical opinions and the reasons why.").

Although Dr. Brodsky is an examining physician, he is not a treating physician, and his opinion is not entitled to controlling weight. See Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). The ALJ assigned little weight to Dr. Brodsky's opinion because "he apparently relied

quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported" (Tr. 31). Elsewhere in her written opinion, the ALJ detailed the reasons why she found Plaintiff to be unreliable (Tr. 33-35).

The ALJ attributed great weight to Dr. Jasinski's opinion because he reviewed Plaintiff's entire medical record and hearing testimony (Tr. 30). Dr. Jasinski determined that Dr. Brodsky's psychiatric evaluation "suggested more severe symptoms than persisted in the entire medical evidence of record ... [and that] based on his review of the records, the medical evidence of record does not document [the] significant limitations" diagnosed by Dr. Brodsky (Tr. 30). Dr. Jasinski also noted that "the GAF scores assessed ... are not consistent with the progress notes" (Id.) Dr. Jasinski's opinion is consistent with the medical interrogatory he completed that is part of the record, in which he determined that Plaintiff's "treatment records generally show few significant symptoms" and the absence of "marked limitations in functioning" (Tr. 748-755). When evaluating Dr. Jasinski's and Dr. Brodsky's medical opinions in relation to one another, the ALJ deferred to "Dr. Jasinski's opinion because he had the opportunity to review the entire record and his opinion is consistent with the record as a whole" (Tr. 31). I find this to be a sufficient explanation of good cause to support the ALJ's rejection of Dr. Brodsky's opinion.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED,** and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

- 9 -

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on January 9, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record